UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**09 CIV 3979**

-------------------------------------------------------x

JAMES TUROWSKI,

                      Plaintiff,

     - against -

TRIARC COMPANIES, INC., NELSON PELTZ,
Chairman & Chief Executive, individually and in
his Official capacity, PETER W. MAY, President
& Chief Operating Officer, individually and in his
official capacity, STUART I. ROSEN, Senior Vice
President and Secretary, Individually and in his
Official Capacity, and JOHN R. BENDER,
individually, and in his official capacity,

                      Defendants.

**NOTICE OF REMOVAL**



-----------------------------------------------------------x

        Defendants Wendy's/Arby's Group, Inc., formerly known as, "Triarc Companies, Inc."

("Wendy's/Arby's"), Nelson Peltz ("Peltz"), Stuart I. Rosen ("Rosen") (collectively hereinafter,

"Defendants"), by their attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1331 and

1441, file this Notice of Removal with respect to the case identified as James Turowski v. Triarc

Companies, Inc., Nelson Peltz, Peter W. May, Stuart I. Rosen, and John R. Bender, Index No.

117201/08, from the Supreme Court of the State of New York, County of New York. In support

of this Notice, Defendants state as follows:

**Service and Parties**

        1.     On or about December 24, 2008, plaintiff James Turowski ("Turowski" or

"Plaintiff") commenced a civil action by the filing of a Summons with Notice in the Supreme

Court of the State of New York, County of New York naming the above-captioned defendants.

(A true and correct copy of the Summons with Notice is annexed hereto as Exhibit A.) On or

about January 16, 2009, Plaintiff effected service of the Summons with Notice upon Defendant

Wendy's/Arby's by service on the registered agent for service of process, Corporation Service Company. (A true and correct copy of the Affidavit of Service filed with the Clerk of New York County on or about February 25, 2009 is annexed hereto as Exhibit B.)   On or about February 24, 2009, Defendant Wendy's/Arby's served its Notice of Appearance herein under its former corporate name. (A true and correct copy of the Notice of Appearance is annexed hereto as Exhibit C.)

2.     On or about March 25, 2009, Plaintiff filed a Verified Complaint (the "Complaint") with the Clerk of the Supreme Court of the State of New York, County of New York. (A true and correct copy of the Complaint is annexed hereto as Exhibit D.)

(a)   Service of a copy of the Summons with Notice and Verified Complaint was made upon Defendant Peltz on or after April 1, 2009. (A true and correct copy of the Affidavit of Service filed with the Clerk of New York County on or about April 15, 2009 is annexed hereto as Exhibit E.) Pursuant to CPLR 308, such service will be complete on or after April 27, 2009.

(b)   Upon information and belief, Defendant Peter W. May has yet to be served with the Summons with Notice or the Verified Complaint in this action.

(c)   Service of a copy of the Summons with Notice and Verified Complaint was made upon Defendant Rosen on or after April 1, 2009. (A true and correct copy of the Affidavit of Service filed with the Clerk of New York County on or about April 15, 2009 is annexed hereto as Exhibit F.)[1] Pursuant to CPLR 308, such service will be complete on or after April 27, 2009.

(d)   Upon information and belief, Defendant John R. Bender ("Bender") has yet to be served with the Summons with Notice or the Verified Complaint in this action.

(e)   Counsel for Defendant Wendy's/Arby's first received service of a copy of the Complaint on April 10, 2009 under cover of letter from Plaintiff's counsel dated April 8, 2009.

---

[1]     In accordance with 28 U.S.C. § 1447(b) and Local Civil Rule 81.1(b) of this Court, the annexed Exhibits A through F constitute "all records and proceedings" in the state court.

**Timeliness of Removal**

3.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), having

been filed within thirty (30) days after Defendants Peltz, Rosen and Wendy's/Arby's initial

receipts of the Complaint, which is the "pleading from which it may first be ascertained that the

case is one which is . . . removable." 28 U.S.C. § 1446(b).  Moreover, in light of the fact that

Plaintiff has not yet effected formal service upon Defendants May and Bender, and will not be

complete with respect to Defendants Rosen and Peltz until April 27, 2009, the time within which

to remove the action has not yet begun to run.  See Murphy Bros., Inc. v. Michetti Pipe

Stringing, Inc., 526 U.S. 344, 350-51 (1999); Varela v. Flintlock Constr., Inc., 148 F. Supp. 2d

297, 300 (S.D.N.Y. 2001) (construing Murphy Brothers and holding that thirty-day time period

for removal pursuant to 28 U.S.C. § 1446(b) runs for date of service of last-served defendant).

**Joinder of All Defendants in Removal**

4.     Removal of this case is also appropriate because all of the defendants properly

served in this action are parties to this Notice of Removal.   On information and belief,

Defendants May and Bender have not been properly served to date.  Accordingly, their consent

to and joinder in removal are not presently required.  If and when the Court has jurisdiction over

Defendants May and Bender, however, Defendants Peltz, Rosen and Wendy's/Arby's will seek

their joinder and consent in the removal of this action.

**Basis for Removal**

5.     The ground for removal is federal question jurisdiction in that Plaintiff's

Complaint includes claims within the original jurisdiction of this Court under 28 U.S.C. § 1331.

In his Complaint, Plaintiff alleges that Defendants terminated his employment with Triarc

Companies, Inc. because of his medical disability and/or other forms of discrimination in

violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Specifically, Plaintiff claims that he is a qualified individual with a disability (Compl. ¶¶ 24-25) and that "Defendants . . . refused to make a reasonable accommodation to Plaintiff and/or . . . dispensed with the reasonable accommodation they had been providing." (id. ¶¶ 27-32).

6.      Accordingly, this case is a civil action founded on a claim or right arising under the laws of the United States over which this Court has original jurisdiction, and is therefore one which may be removed from the Supreme Court of New York, County of New York pursuant to 28 U.S.C. § 1441(b).

7.      Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street, New York, New York 10007, to effect removal of this action to this Court pursuant to 28 U.S.C. § 1446(d).

8.      Defendants reserve all defenses.

WHEREFORE, Defendants pray that the above-referenced civil action proceed in the United States District Court for the Southern District of New York as an action properly removed thereto.

Dated: New York, New York
      April 21, 2009

Respectfully submitted,

SEYFARTH SHAW LLP

By

    Lorie Almon [lalmon@seyfarth.com]
    Brian Murphy [bmurphy@seyfarth.com]
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendants*
*Wendy's/Arby's Group, Inc. f/k/a Triarc*
*Companies, Inc., Nelson Peltz and*
*  Stuart I. Rosen*

NY1 26558440.3

5

# EXHIBIT A

SCANNED ON 12/29/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------X

JAMES TUROWSKI,

                Plaintiff,

    - against -

TRIARC COMPANIES, INC., NELSON PELTZ, Chairman
& Chief Executive, individually and in his
official capacity, PETER W. MAY, President
& Chief Operating Officer, individually and
in his official capacity, STUART I. ROSEN,
Senior Vice President and Secretary,
Individually and in his official capacity,
and JOHN R. BENDER, individually and in his
Official capacity,

                Defendants.

------------------------------------X

**SUMMONS WITH NOTICE**

Index No.:

Dated Filed:

Plaintiff designates
NEW YORK COUNTY
as the place of trial **08 11720**
The basis of venue is

Location where incident
Occurred and Defendants
address

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to
serve a copy of your answer, or, if the Complaint is not served with this
Summons, to serve a notice of appearance, on Plaintiff's Attorney within 20
days after the service of Summons, exclusive of the day of service (or within
30 days after the service is complete if this Summons is not personally
delivered to you within the State of New York); and in case of your failure
to appear or answer, judgment will be taken against you by default for the
relief demanded herein.

Dated:      Nassau, New York
           December 23, 2008

*FILED*

*DEC 24 2008*

*COUNTY CLERK'S OFFICE NEW YORK*

**The Nature of the Action:**  Economic and emotional damages caused to Plaintiff
due to the discriminatory conduct on the part of the defendants based on
Plaintiff's disability and/or perceived disability and retaliation on June
26, 2006 and continuing to the present in violation of New York State
Executive Law § 296 and New York City Administrative Code § 8-107.  As a
result of the aforementioned conduct, plaintiff was unjustly terminated,
refused short-term and/or long-term disability, worker's compensation
benefits and unemployment benefits and suffered loss of wages, benefits and
emotional distress and mental anguish.

**Relief Sought:**  Compensatory damages in the amount of $1,500,000.00 against
all defendants jointly and severally.

     Upon your failure to appear, judgment will be taken against you by
default for the sum of $1,500,000.00 compensatory damages for Plaintiff, from
June 2006 and costs of the action.

                     Yours, etc.,
                     CRONIN & BYCZEK, LLP

                     BY: _____
                         Linda M. Cronin, Esq.
                     Attorneys for the Plaintiff
                     1983 Marcus Avenue - Suite C-120
                     Lake Success, New York 11042
                     (516) 358-1700

Defendants Addresses:    SEE ATTACHED

TRIARC Companies, Inc.
280 Park Avenue
New York, New York     10017

John R. Bender
C/o TRIARC Companies, Inc.
280 Park Avenue
New York, New York     10017

*Index No.*              *Year 20*

**08117201**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JAMES TUROWSKI,

Plaintiff,

- against -

TRIARC Companies, Inc.,  et al.,

Defendants.

## SUMMONS WITH NOTICE

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1981 MARCUS AVENUE, SUITE 227
LAKE SUCCESS, NEW YORK 11042-1055
(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

..................................................................

*Attorney(s) for*

## PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
NOTICE OF    entered in the office of the clerk of the within named Court on                          20
ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
NOTICE OF                          one of the judges of the within named Court,
SETTLEMENT   at
on                    20      , at           M.

*Dated:*

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1981 MARCUS AVENUE, SUITE 227
LAKE SUCCESS, NEW YORK 11042-1055

# EXHIBIT B

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  117201-08                                    Purchased/Filed: December 24, 2008

STATE OF NEW YORK                SUPREME COURT            NEW YORK COUNTY

_James Turowski_                                                    Plaintiff

against

_Triarc Companies, Inc., Nelson Peltz, Chairman & Chief Executive, individually and in his official_    Defendant
_capacity, et al._

STATE OF NEW YORK
COUNTY OF ALBANY            SS.:

_____ Diane Koehler _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 16, 2009 _____ , at _ 11:45am _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons with Notice Bearing the above Index # and Filing Date

on

_____ Triarc Companies, Inc. _____ , the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, _ 2 _ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of _ 40 _ dollars; That said service

was made pursuant to Section _ 306 Business Corporation Law _ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: _ 50 _    Approx. Wt: _ 118 _    Approx. Ht: _ 5' _

Color of skin: _ White _    Hair color: _ Brown _    Sex: _ Female _    Other: _____

Sworn to before me on this

_21st_  day of _____ January, 2009 _____

**DONNA M. TIDINGS**
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Diane Koehler

Invoice·Work Order# SP0900450

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------x
:
JAMES TUROWSKI,                                    :
                                                   :    Index No.: 117201-08
              Plaintiffs,                          :
                                                   :
          - against -                              :
                                                   :
TRIARC COMPANIES, INC., NELSON PELTZ,              :    **NOTICE OF APPEARANCE**
Chairman & Chief Executive, individually and in   :
his official capacity, PETER W. MAY, President     :
& Chief Operating Officer, individually and in his :
official capacity, STUART I. ROSEN, Senior Vice    :
President and Secretary, individually and in his   :
official   capacity,   and   JOHN   R.   BENDER,   :
individually and in his official capacity,         :
                                                   :
              Defendants.                          :
                                                   :
--------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that the Defendant TRIARC COMPANIES, INC. hereby

appears in the above entitled action, and that the undersigned has been retained as Attorneys for

said Defendant and demands that a copy of all papers in this action be served upon the

undersigned at the office and post office address stated below.  Defendant denies all of the

allegations set forth by Plaintiff James Turowski in the Summons with Notice, and denies that

Plaintiff is entitled to any of the relief requested therein.

**RECEIVED**

APR **0 7** 2009

**TRIAL SUPPORT OFFICE**
NYS SUPREME COURT - CIVIL

NEW YORK
COUNTY CLERK'S OFFICE

[APR 0 7 2009

NOT COMPARED
WITH COPY FILED

New York, New York
Dated: February 24, 2009

Respectfully submitted,

SEYFARTH SHAW LLP

By
Lorie Almon
Brian Murphy

620 Eighth Avenue, 32nd Floor
New York, New York  10018

Attorneys for Defendant
Triarc Companies, Inc.

TO:    CRONIN & BYCZEK, LLP
       Attorneys at Law
       ATTN: Linda M. Cronin, Esq.
       1981 Marcus Avenue, Suite 227
       Lake Success, New York 11042-1055
       (516) 358-1700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x

JAMES TUROWSKI,                                             :

                Plaintiffs,                              :       Index No.: 117201-08

          - against -                                     :

TRIARC COMPANIES, INC., NELSON PELTZ,                       :       **AFFIDAVIT OF SERVICE**
Chairman & Chief Executive, individually and in            :
his official capacity, PETER W. MAY, President             :
& Chief Operating Officer, individually and in his        :
official capacity, STUART I. ROSEN, Senior Vice           :
President and Secretary, individually and in his          :
official capacity, and JOHN R. BENDER,                     :
individually and in his official capacity,                 :
                                                           :
                Defendants.                              :

----------------------------------------------------------------x

STATE OF NEW YORK   )
                    )   s.s.:
COUNTY OF NEW YORK  )

      BRIAN MURPHY, being duly sworn, deposes and says:

      1.     I am not a party to this action. I am employed as an associate with Seyfarth Shaw LLP, attorneys for Defendant Triarc Companies, Inc. in a matter currently pending before the Supreme Court.

      2.     On February 24, 2009, I caused a true and correct copy of the foregoing NOTICE OF APPEARANCE to be served upon the following counsel of record by Federal Express:

                    Linda M. Cronin, Esq.
                    Cronin & Byczek, LLP
                    Attorneys at Law
                    1981 Marcus Avenue, Suite 227
                    Lake Success, New York 11042-1055

Brian Murphy

Sworn to before me this
24th Day of February, 2009

Notary Public

My commission expires on _January 12, 2012_

ALAYNA BALDANZA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BA6103726
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JANUARY 12, 20 12

NYI 26532285.1

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

JAMES TUROWSKI,

                           Plaintiff,

    -   against —

TRIARC COMPANIES, INC., NELSON PELTZ,
Chairman & Chief Executive, individually and in his
Official capacity, PETER W. MAY, President
& Chief Operating Officer, individually and in his
official capacity, STUART I. ROSEN, Senior Vice
President and Secretary, Individually and in his
Official capacity, and JOHN R. BENDER, individually
And in his official capacity

                         Defendants.

-----------------------------------------------------------------X

**VERIFIED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

Index No. 08/117201

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 5 2009

NOT COMPARED
WITH COPY FILED

      The Plaintiff, JAMES TUROWSKI, by his attorneys, Cronin & Byczek, LLP, as

and for his complaint against the Defendants, TRIARC, NELSON PELTZ, PETER W.

MAY, STUART I. ROSEN and JOHN R. BENDER, respectfully sets forth and alleges

that:

## INTRODUCTION

    1.     Defendant, TRIARC (hereinafter referred to as "defendant") illegally,

maliciously and with prior notice that they would violate the laws of the State of New

York and thereby violate Plaintiff's human rights, implemented a policy depriving

qualified disabled employees including Plaintiff of a reasonable accommodation as

required by law. In addition, defendant altered the terms and conditions of Plaintiff's

employment because of his handicap and disability.

## NATURE OF ACTION

2.      This is an action for damages and equitable relief under the New York
State Executive Law §296, to correct unlawful employment practices on the basis of the
Plaintiff's disability and to make plaintiff whole.  Defendants deprived Plaintiff of a
reasonable accommodation, and altered the terms and conditions of his employment
because of his handicap and disability.

3.      This is also an action for equitable relief on behalf of the Plaintiff, to
prohibit defendants' unlawful implementation of a policy directed towards disabled
employees, which alters the terms and conditions of Plaintiff's employment and to order
the reinstatement of the Plaintiff to is position.

## JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to New York State
Executive Law  §296, and the New York City Administrative Code §8-107.

## VENUE

5.      Venue is proper within this Court, as the acts complained of were and are
being committed within its boundaries.

## PREREQUISITES

6.      On or about April 19, 2007 Plaintiff filed a complaint with the New York
State Division of Human Rights and the United States Equal Employment Opportunity
Commission, hereinafter referred to as the "NYSDHR/EEOC", a copy of which is
annexed hereto and made part hereof as Exhibit "A".

7.    Subsequent to filing of the complaint, the NYSDHR/EEOC then issued a

Right to Sue Notice, a copy of which is annexed hereto and made a part hereof as Exhibit

"B", advising Plaintiff that he had the right to institute a Civil Action.

8.    Plaintiff complied therewith by filing suit with this Court within the

limitations period.

## PARTIES

9.    Plaintiff, TUROWSKI, is a resident of the State of New York, a citizen of

the United States, and is over twenty-one (21) years of age.

10.    The defendant, TRIARC was and is a corporation organized and existing

under and by virtue of the law of the State of New York, and at all relevant times was

Plaintiff's employer.

11.    Upon information and belief, and at all times hereinafter mentioned

Defendant NELSON PELTZ was a resident of the City of New York and the State of

New York; was employed by TRIARC as the Chairman & Chief Executive of TRIARC

and was acting within the scope of his employment. This defendant is sued both in his

official capacity and individually.

12.    Upon information and belief, PELTZ is responsible for the institution and

application of policies concerning the denial of an accommodation to Plaintiff.

13.    Upon information and belief, and at all times hereinafter mentioned

Defendant PETER W. MAY was a resident of the City of New York and the State of

New York; was employed by TRIARC as the President & Chief Operating Officer of

TRIARC and was acting within the scope of his employment. This defendant is sued

both in his official capacity and individually.

14.    Upon information and belief, MAY is responsible for the institution and application of policies concerning the denial of an accommodation to Plaintiff.

15.    Upon information and belief, and at all times hereinafter mentioned Defendant STUART I. ROSEN was a resident of the City of New York and the State of New York; was employed by TRIARC as the Senior Vice President and Secretary of TRIARC and was acting within the scope of his employment. This defendant is sued both in his official capacity and individually.

16.    Upon information and belief, ROSEN is responsible for the institution and application of policies concerning the denial of an accommodation to Plaintiff.

17.    Upon information and belief, and at all times hereinafter mentioned Defendant JOHN R. BENDER was a resident of the City of New York and the State of New York; was employed by TRIARC and was acting within the scope of his employment. This defendant is sued both in his official capacity and individually.

18.    Upon information and belief, BENDER is responsible for the institution and application of policies concerning the denial of an accommodation to Plaintiff.

**BACKGROUND**

19.    Plaintiff was employed by TRIARC as a chauffeur and bodyguard from July 2002 through June 2006.

20.    On January 24, 2004 Plaintiff sustained a traumatic brain injury when Plaintiff slipped and fell, landing on his head. Plaintiff was in a coma for three weeks and when he woke he remained in the hospital for six weeks. Following Plaintiff's release he underwent physical therapy and was able to return to his employment with TRIARC.

21.     In 2005, Plaintiff resumed his position of employment with TRIARC.  At first, Plaintiff returned to work part time, and then in 2006 Plaintiff began to work full time without any difficult.

22.     On June 26, 2006, Plaintiff was notified of his termination from employment with TRIARC.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER THE AMERICANS WITH DISABILITIES ACT

23.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.     At all relevant times, Plaintiff has been an individual with a disability within §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).  More particularly, plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment, and/or is regarded by defendants as having such impairment.

25.     Plaintiff is a qualified individual with a disability as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job.

26.     Defendants are and were Plaintiff's employers and are covered by the terms of the ADA.

27.     Defendants have refused to make a reasonable accommodation to Plaintiff and /or has dispensed with the reasonable accommodation they had been providing.

28.    Defendants have altered the terms and conditions of Plaintiff's employment because of his handicap, to include terminating his employment and forcing his retirement.

29.    Defendants failure to make reasonable accommodations to Plaintiff's physical disability and their disparate treatment of the Plaintiff constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. Defendants actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12112(b)(5)(A).

30.    Defendants acted with malice or with reckless indifference to the protected rights of Plaintiff.

31.    As a direct and proximate result of defendants' discrimination on the basis of disability or perceived disability Plaintiff has suffered lost wages and benefits and lost employment opportunities.

32.    Defendants failure to make a reasonable accommodation to Plaintiff has caused, continues to cause and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, as well as other non-pecuniary losses.

33.    As a consequence of defendants' unlawful employment practices, Plaintiff is entitled to compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS together with interest.

34.    Defendants' violation of the ADA was willful, and Plaintiff is entitled to punitive damages in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW §296

35.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.    Based on the foregoing, the defendants intentionally and willfully discriminated against the Plaintiff in his employment on account of his disability in violation of New York State Executive Law §296.

37.    As a result of the defendants' actions and of the deprivations of Plaintiff's rights as guaranteed under New York State Executive Law §296, the Plaintiff has been damaged.

38.    As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, the Plaintiff is seeking compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO THE NEW YORK CITY HUMAN RIGHTS LAW

39.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.    Based on the foregoing, the defendants intentionally and willfully discriminated against the Plaintiff in his employment on account of his disability in violation of New York City Human Rights Law, N.Y.C. Admin. Code §8-107.

41.    As a result of the defendants' action and of the deprivations of Plaintiff's rights as guaranteed under New York City Human Rights Law, the Plaintiff has been damaged.

42.    As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, the Plaintiff is seeking compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION FOR EQUITABLE RELIEF

43.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44.    Defendants have embarked on a course of conduct that deprives the Plaintiff and other employees of TRIARC of their rights under the New York State and New York City laws.

45.    The facts and circumstances cited about with reference to the Human Rights and Civil Rights violations suffered by Plaintiff and other employees is an example of how the Defendants have violated Plaintiff's civil and human rights.

46.    By virtue thereof, Plaintiff is entitled to equitable relief, prohibiting the defendants from continuing to violate Plaintiff's and other disabled employees' civil and human rights as hereinbefore stated, and affording Plaintiff a reasonable accommodation and reinstatement to his position.

## COSTS AND ATTORNEYS' FEES

47.    Plaintiff is entitled by law to recover his costs and reasonable attorneys' fees in this action.

WHEREFORE, Plaintiff demands judgment as follows:

A.    In the First Cause of Action compensatory damages in favor of Plaintiff against the Defendants in the amount of ONE MILLION  ($1,000,000.00) DOLLARS and punitive damages in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS;

B.    In the Second Cause of Action compensatory and punitive damages in favor of Plaintiff against the Defendants in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

C.    In the Third Cause of Action compensatory and punitive damages in favor of the Plaintiff against the Defendants in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

D.    In the Fourth Cause of Action, Plaintiff is entitled to equitable relief.

E.    Costs and reasonable attorneys' fees.

F.    Granting the Plaintiff such other and further relief as may be just.

## JURY TRIAL

The Plaintiff, JAMES TUROWSKI, requests a jury trial on all questions of fact

raised by the Complaint.

Dated:  Lake Success, New York
        March 18, 2009


                                    Yours etc,
                                    Cronin & Byczek, LLP


                                    _____
                                    LINDA M. CRONIN
                                    Attorneys for Plaintiff
                                    1983 Marcus Ave, Suite C-120
                                    Lake Success, New York 11042
                                    (516) 358-1700

VERIFICATION

The undersigned, JAMES TUROWSKI, being duly sworn says:

That I am the Plaintiff to the action; I have read the annexed VERIFIED COMPLAINT and know the contents thereof and the same is true to my knowledge, except as to matters therein stated upon information and belief, and that as to those matters, I believe them to be true.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:    Lake Success, New York

        March 23, 2009

_____
JAMES TUROWSKI

Sworn to before me this
23rd day of March 2009

_____
Notary Public

ROSEMARY A. HORAN
Notary Public, State of New York
No. 01HO5076305
Qualified in Nassau County
Commission Expires 4/21/2011

**Exhibit "A"**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | |

| | and EEOC |

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)
Mr. James M. Turowski

HOME TELEPHONE (Include Area Code)
516-579-8452

STREET ADDRESS
10 Phyllis Drive

CITY, STATE AND ZIP CODE
Bethpage, New York   11714

DATE OF BIRTH
7-21-47

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
Triarc Companies, Inc.

NUMBER OF EMPLOYEES, MEMBERS
Over 250

TELEPHONE (Include Area Code)
212-451-3000

STREET ADDRESS
280 Park Avenue,

CITY, STATE AND ZIP CODE
New York, New York   10017

COUNTY
New York

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE
☐ RETALIATION   ☐ NATIONAL ORIGIN   ☒ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)        LATEST (ALL)

6/28/06

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

_James Turowski_

Date          Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
day of April 2007

EEOC FORM 5 (Test 10/94)

CHRISTOPHER F. BELLISTRI
Notary Public, State of New York
No. 02BE6130622
Qualified in Queens County
Commission Expires July 18, 2009

I, James M. Turowski, was subjected to disability discrimination by my former employer, Triarc Companies, Inc.

From July 2002 to June 2006, I was employed by respondent Triarc as a chauffeur and body guard. At all times relevant herein, I performed my duties professionally and satisfactorily.

On January 24, 2004, I sustained a traumatic brain injury when I slipped and fell, landing on my head. After my accident, I was in a coma for three weeks before I awoke in Mount Sinai Hospital. Thereafter, I remained in the hospital for approximately six weeks. Following my release from the hospital, I underwent and completed physical therapy to the point where I was able to return to my employ with respondent.

In 2005, I resumed my position of employment with Triarc. At first, I returned to work part time, and then, in 2006, I began to work full time without any difficulty.

On Monday, June 26, 2006, I was notified of my termination from Triarc Companies, Inc.

I believe that I have been treated differently because of my prior head injury and perceived disability.  Triarc, through legal counsel, stated on April 4, 2007 that I "was unable to perform the essential functions of [my] position in a safe and consistent manner, with or without reasonable accommodation."  At no time prior to respondent's counsel's communication of April 4, 2007 did anyone at Triarc ever communicate to me that I was performing my job in an unsatisfactory or in an "unsafe" or "inconsistent" manner.

Based upon the foregoing, I charge the above-named respondent with discriminatory practices relating to employment by denying me equal terms, conditions and privileges of employment because of their perception that I was disabled, in violation of Americans With Disabilities Act and the New York State Executive law.

I have read and had an opportunity to correct this Affidavit, and swear that these facts are true and correct to the best of my knowledge and belief.

CHRISTOPHER F. BELLISTRI
Notary Public, State of New York
No. 02BE6130622
Qualified In Queens County
Commission Expires July 18, 2009

Sworn to before me this
day of April 19, 2007

_____
Notary Public

_____
JAMES M. TUROWSKI

Exhibit "B"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **James Turowski**<br>**10 Phyllis Drive**<br>**Bethpage, NY 11714** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-02513** | **Ricardo E. Jones,**<br>**Investigator** | **(212) 336-3778** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

- [X] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

- [X] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

5/25/08
*(Date Mailed)*

Enclosures(s)

cc:   **SEYFARTH SHAW LLP.**
**Attn: Lorie Almon, Esq.**
**620 Eight Avenue**
**New York, NY 10018-1405**

**CRONIN & BYCZEK, LLP**
**Attn: Linda M. Cronin, Esq.**
**1983 Marcus Avenue**
**Suite C-120**
**Lake Success, NY 11042**

*Index No.*    117201/2008 *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JAMES TUROWSKI,

                                                                    Plaintiff,

            - against -

TRIARC Companies, Inc.,   et al.,

                                                                    Defendants.

---

## VERIFIED COMPLAINT

---

Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York  11042

(516) 358-1700

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Attorney(s) for*

---

**PLEASE TAKE NOTICE**

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                    20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
NOTICE OF                            *one of the judges of the within named Court,*
SETTLEMENT *at*
*on*                            20        *, at*            *M.*

*Dated:*

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 5 2009

NOT COMPARED
WITH COPY FILED

Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York  11042

*To:*

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

Index No.: 08/117201

JAMES TUROWSKI,

Plaintiff, ,

AFFIDAVIT OF SERVICE
OF SUMMONS
WITH NOTICE AND VERIFIED COMPLAINT

-against-

TRIARC COMPANIES, INC.,   NELSON PELTZ, Chairman
& Chief Executive, individually and in his
official capacity, PETER W. MAY, President
& Chief Operating Officer, individually and
in his official capacity, STUART I. ROSEN,
Senior Vice President and Secretary,
Individually and in his official capacity,
and JOHN R. BENDER, individually and in his
Official capacity,

Defendants.
_____

STATE OF NEW YORK, COUNTY OF NASSAU          SS.:

JOHN MICHAEL DEVITO, being duly sworn deposes and says: that deponent is not a party to his action, is over 18 years of age and resides at Farmingdale, NY 11735. That on April 1, 2009 at 12:57 p.m. at 543 Byram Lake Road, Mount Kisco, New York 10549, deponent served the within Summons with Notice and Verified Complaint on defendant Nelson Peltz therein named.

| | | |
|---|---|---|
| 1.____ INDIVIDUAL | by delivering a true copy *of each* to said defendants personally; deponent knew the person so served to the person described as said defendant therein. | |
| 2.____ CORPORATION | a domestic corporation, by delivering thereat a true copy *of each* to personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be AUTHORIZED TO ACCEPT thereof | |
| 3._x__ SUITABLE AGE PERSON | by delivering thereat a true copy *of each* to a person of Butch suitable age discretion. Said premises is defendant's - actual place of business - dwelling house - usual place of abode - within the state. | |
| 4.____ AFFIXING TO DOOR, ETC. | by affixing a true copy *of each* to the door of said premises, which is defendant's - actual place of business - dwelling house - usual place of abode - within the state. Deponent was unable with due diligence to find defendant or a person of suitable age and discretion, thereat having called there | |
| _x_ MAILING use with 3 or 4 (if applicable) | Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addresses to defendant at defendant's last known residence, at 543 Byram Lake Road, Mount Kisco, New York 10549 on April 15, 2009 and deposited said wrapper in - a post office - depository under exclusive care and custody of the United States Postal Service within New York State. **MAILED IN AN ENVELOPE MARKED PERSONAL AND CONFIDENTIAL** | |

__x_ DESCRIPTION Deponent describes the individual served as follows:
1 or 3

| | | | | |
|---|---|---|---|---|
| _x_ Male | _x_ White Skin | ___ Black Hair | ___ 14-20 Yrs. | ___ Under 5' | ___ Under 100 lbs. |
| ___ Female | ___ Black Skin | ___ Brown Hair | ___ 21-35 Yrs. | ___ 5'0" - 5"3" | ___ 100-130 lbs. |
| | ___ Brown Skin | ___ Blond Hair | ___ 36-50 Yrs. | _x_ 5'4" - 5'8" | _X_ 131-160 lbs. |
| | | _X_ Gray Hair | _X_ 51-65 Yrs. | ___ 5'9"-6'0" | ___ 161-200 lbs. |
| | | ___ Red Hair | ___ Over 65 Yrs. | ___ Over 6' | ___ Over 200 lbs. |
| | | ___ White Hair | | | |
| | | _X_ Mustache | _X_ Glasses | | |

FILED

APR 1 5 2009

NEW YORK
COUNTY CLERK'S OFFICE

Sworn to before me on April 15, 2009

_____
JOHN MICHAEL DEVITO

ROSEMARY A. HORAN
Notary Public, State of New York
No. 01HO5076305
Qualified in Nassau County
Commission Expires 4/21/20 11

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 08/117201

JAMES TUROWSKI,

       Plaintiff,

   -against-

AFFIDAVIT OF SERVICE
OF SUMMONS
WITH NOTICE AND VERIFIED COMPLAINT

TRIARC COMPANIES, INC., NELSON PELTZ, Chairman
& Chief Executive, individually and in his
official capacity, PETER W. MAY, President
& Chief Operating Officer, individually and
in his official capacity, STUART I. ROSEN,
Senior Vice President and Secretary,
Individually and in his official capacity,
and JOHN R. BENDER, individually and in his
Official capacity,

       Defendants.

STATE OF NEW YORK, COUNTY OF NASSAU   SS.:

   JOHN MICHAEL DEVITO, being duly sworn deposes and says: that deponent is not a party to his action, is over 18 years of age and resides at Farmingdale, NY 11735. That on April 1, 2009 at 2:43 p.m. at 137 Hirst Road, Briarcliff Manor, New York 10510, deponent served the within Summons with Notice and Verified Complaint on defendant Stuart I. Rosen therein named.

| | | |
|---|---|---|
| 1.____INDIVIDUAL | by delivering a true copy *of each* to said defendants personally; deponent knew the person so served to the person described as said defendant therein. | |
| 2.____CORPORATION | a domestic corporation, by delivering thereat a true copy *of each* to  personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be AUTHORIZED TO ACCEPT thereof | |
| 3._x__SUITABLE AGE PERSON | by delivering thereat a true copy *of each* to a person of Jennifer Rosen suitable age discretion.  Said premises is defendant's  -  actual place of business - dwelling house - usual place of abode - within the state. | |
| 4.____AFFIXING TO DOOR, ETC. | by affixing a true copy *of each* to the door of said premises, which is defendant's - actual place of business - dwelling house - usual place of abode - within the state.  Deponent was unable with due diligence to find defendant or a person of suitable age and discretion, thereat having called there | |
| _x_MAILING<br>use with 3 or 4<br>(if applicable) | Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addresses to defendant at defendant's last known residence, at 543 Byram Lake Road, Mount Kisco, New York 10549 on April 15, 2009 and deposited said wrapper in - a post office - depository under exclusive care and custody of the United States Postal Service within New York State.<br>**MAILED IN AN ENVELOPE MARKED PERSONAL AND CONFIDENTIAL** | |

__x_DESCRIPTION Deponent describes the individual served as follows:
  1 or 3

| | | | | | |
|---|---|---|---|---|---|
| __Male | _x_White Skin | _X_Black Hair | ___14-20 Yrs. | ___Under 5' | ___Under 100 lbs. |
| _X_Female | ___Black Skin | ___Brown Hair | ___21-35 Yrs. | ___5'0" - 5"3" | _X__100-130 lbs. |
| | ___Brown Skin | ___Blond Hair | _X_36-50 Yrs. | _x_5'4" - 5'8" | ___131-160 lbs. |
| | | ___Gray Hair | ___51-65 Yrs. | ___5'9"-6'0" | ___161-200 lbs. |
| | | ___Red Hair | ___Over 65 Yrs. | ___Over 6' | ___Over 200 lbs. |
| | | ___White Hair | | | |

Sworn to before me on April 15, 2009

*Roseli Horan* (signature)

ROSEMARY A. HORAN
Notary Public, State of New York
No. 01HO5076305
Qualified in Nassau County
Commission Expires 4/21/20 11

*JOHN MICHAEL DEVITO* (signature)