UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                               :

| | |
|---|---|
| JAMES TUROWSKI, | : **ECF CASE** |
| | : |
| Plaintiffs, | : |
| | : |
| - against - | : 09 Civ. 3979 (VM)(FM) |
| | : |
| TRIARC COMPANIES, INC., NELSON PELTZ, | : **ANSWER AND AFFIRMATIVE** |
| Chairman & Chief Executive, individually and in | : **AND OTHER DEFENSES** |
| his official capacity, PETER W. MAY, President | : |
| & Chief Operating Officer, individually and in his | : |
| official capacity, STUART I. ROSEN, Senior Vice | : |
| President and Secretary, individually and in his | : |
| official capacity, and JOHN R. BENDER, | : |
| individually and in his official capacity, | : |
| | : |
| Defendants. | : |
| | : |

-------------------------------------------------------------x

Defendants Wendy's/Arby's Group, Inc., formerly known as, "Triarc Companies, Inc." ("Wendy's/Arby's"), Nelson Peltz ("Peltz") and Stuart I. Rosen ("Rosen") (collectively, "Defendants"),[1] by and through their attorneys, Seyfarth Shaw LLP, answers the Verified Complaint dated March 18, 2009 ("Complaint") of Plaintiff James Turowski ("Plaintiff") as follows:

## INTRODUCTION

1.    Defendants deny the allegations set forth in Paragraph 1 of the Complaint, and expressly aver that they did not violate any law, implement a policy depriving qualified disabled employees of reasonable accommodations, deprive Plaintiff of a reasonable accommodation, or

---

[1]      On information and belief, Defendants Peter W. May and John R. Bender have not yet been properly served and/or have not yet joined in removal of this case. Accordingly, Seyfarth Shaw LLP does not appear on their behalf at this time and they are not parties to this Answer and Affirmative and Other Defenses at this time.

discriminate against or alter unlawfully the terms and conditions of Plaintiff's employment on the basis of his alleged handicap or disability.

## NATURE OF ACTION

2.      Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff purports to seek damages and equitable relief under the New York State Executive Law § 296 and other applicable laws.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit that Plaintiff purports to seek equitable relief.

## JURISDICTION

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court pursuant to New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## VENUE

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

## PREREQUISITES

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint, except admit that Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act ("ADA").

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except admit that the EEOC issued to Plaintiff a Right to Sue Notice dated September 24, 2008.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

## PARTIES

9.      Upon information and belief, Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations set forth in Paragraph 10 of the Complaint and specifically aver that Defendant Wendy's/Arby's is a corporation organized and existing under the law of the State of Delaware, except admit that Triarc was Plaintiff's employer.

11.    Defendants deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Peltz is a resident of the State of New York, was employed by Triarc as its Chairman and Chief Executive Officer and that Plaintiff purports to sue Peltz in both his official and individual capacities.

12.    Defendants deny the allegations set forth in Paragraph 12 of the Complaint, and specifically aver that Plaintiff was not denied an accommodation.

13.    Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except admit that May is a resident of the State of New York, that May was employed as the President and Chief Operating Officer of Triarc, and that Plaintiff purports to sue May in both his individual and official capacities.

14.    Defendants deny the allegations set forth in Paragraph 14 of the Complaint, and specifically aver that Plaintiff was not denied an accommodation.

15.    Defendants deny the allegations set forth in Paragraph 15 of the Complaint, except admit that Rosen is a resident of the State of New York, that Rosen was employed by Triarc as the Senior Vice President, Secretary and Associate General Counsel of Triarc through June 2007, and that Plaintiff purports to sue Rosen in both his individual and official capacities. Defendants further aver that Rosen was employed by Triarc thereafter as Senior Vice President and General Counsel, and Secretary through December 30, 2007.

16.    Defendants deny the allegations set forth in Paragraph 16 of the Complaint, and specifically aver that Plaintiff was not denied an accommodation.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint, except admit that Bender is a resident of the State of New York, that Bender was employed by Triarc, and that Plaintiff purports to sue Bender in both his individual and official capacities.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint, and specifically aver that Plaintiff was not denied an accommodation.

## BACKGROUND

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint, except admit that Plaintiff was employed by Triarc from July 2002 through June 2006, and specifically aver that Plaintiff was employed to fill the position of Security Driver during his employment with Triarc.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, except admit that Plaintiff sustained an injury on January 24, 2004 and that on or about December 6, 2004, he returned to his employment with Triarc.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint, except admit that Plaintiff resumed his employment with Triarc, first on a part-time basis beginning in December 2004 and then on a full-time basis beginning in April 2005.

22.     Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER THE AMERICANS WITH DISABILITIES ACT

23.     Defendants repeat and reiterate their responses to Paragraphs 1 through 22 of the Complaint, as if fully incorporated herein.

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

4

25.     Paragraph 25 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint, except admit that Triarc was Plaintiff's employer until June 2006.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint, except admit that they provided Plaintiff with a reasonable accommodation.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that his employment with Triarc was terminated.

29.     Paragraph 29 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint, and aver that Defendants did not commit any unlawful employment practices.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint and aver that Defendants did not violate the ADA, willfully or otherwise.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW § 296

35.     Defendants repeat and reiterate their responses to Paragraphs 1 through 34 of the Complaint, as if fully incorporated herein.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO THE NEW YORK CITY HUMAN RIGHTS LAW

39.     Defendants repeat and reiterate their responses to Paragraphs 1 through 38 of the Complaint, as if fully incorporated herein.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint, and aver that Defendants did not commit any negligent, wrongful, careless, reckless or intentional acts with respect to Plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION FOR EQUITABLE RELIEF[2]

43.     Defendants repeat and reiterate their responses to Paragraphs 1 through 42 of the Complaint, as if fully incorporated herein.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

## COSTS AND ATTORNEYS' FEES

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny each and every allegations set forth in the "WHEREFORE" clause of the Complaint, inclusive of subparagraphs A through F.

49.     Defendants deny each and every allegation in the Complaint not heretofore specifically admitted.

---

[2]     Plaintiff mistakenly identifies his cause of action for equitable relief as his "third" cause of action. However, a review of the Complaint reveals that it is the fourth cause of action plead in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel.

### FOURTH DEFENSE

Plaintiff failed to effect proper service or otherwise obtain jurisdiction over some and/or all of the individually-named Defendants.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with § 8-107(13)(d) of Title 8 the New York City Administrative Code.

### SEVENTH DEFENSE

All relevant factors should be considered in accordance with § 8-107(13)(e) and (f) of Title 8 of the New York City Administrative Code.

### EIGHTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory business reasons.

**NINTH DEFENSE**

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

**TENTH DEFENSE**

Defendants neither engaged in the purported discrimination, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination of Plaintiff.

**ELEVENTH DEFENSE**

Defendants provided Plaintiff with a reasonable accommodation.

**TWELFTH DEFENSE**

Plaintiff could not perform the essential functions of his position with or without a reasonable accommodation.

**THIRTEENTH DEFENSE**

Plaintiff's own conduct caused, in whole or in part, whatever damages he may have suffered.

**FOURTEENTH DEFENSE**

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his purported damages.

**FIFTEENTH DEFENSE**

Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

**SIXTEENTH DEFENSE**

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under the Americans with Disabilities Act, New York State

Human Rights Law, New York City Administrative Code, § 8-107 *et seq.*, the United States Constitution, and/or the Constitution of the State of New York.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendants because of their good-faith efforts to comply with the New York City Administrative Code, § 8-107 *et seq.*

### EIGHTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because he cannot show that management has authorized, participated in, consented to or ratified the conduct alleged to give rise to such damages.

### NINETEENTH DEFENSE

Plaintiff's claims pursuant to the New York City Administrative Code, § 8-101 *et seq.*, are barred by his failure to serve a copy of the Complaint on the New York City Commission on Human Rights and the New York City Office of Corporation Counsel.

### TWENTIETH DEFENSE

Plaintiff claims against the individual defendants under the Americans with Disabilities Act are barred because the Act does not provide for individual liability.

### TWENTY-FIRST DEFENSE

Plaintiff's claims against the individual defendants under the New York State Executive Law § 296 are barred because none of the individual defendants are "employers" within the meaning of the law.

**TWENTY-SECOND DEFENSE**

Plaintiff is not entitled to relief under the Americans with Disabilities Act, New York State Human Rights Law, or New York City Administrative Code, § 8-107 *et seq.*, because Plaintiff failed to participate in good-faith efforts to find a reasonable accommodation.

**TWENTY-THIRD DEFENSE**

Plaintiff is not a qualified individual with a disability within the meaning of the ADA because he could not perform the essential functions of his job with or without an accommodation.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claim pursuant to the Americans with Disabilities Act is barred because Plaintiff failed to file suit with regard to any such claims within ninety (90) days of his receipt of the Notice of Right to Sue letter.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims against the individual defendants in their individual capacities should be dismissed as their decisions regarding Plaintiff's employment were made in their official capacities as employees of Triarc.

**TWENTY-FIFTH DEFENSE**

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under the New York State Executive Law § 296 et seq., the New York City Administrative Code, the United States Constitution or the Constitution of the State of New York.

**OBJECTION TO JURY TRIAL**

Defendants object to a trial by jury on Plaintiff's equitable claims, claims for back pay and front pay, and all other issues to which Plaintiff is not entitled to a jury as a matter of law.

10

**WHEREFORE**, Defendants respectfully request judgment dismissing the Verified Complaint in its entirety, and granting it the costs, fees and disbursements it incurred in its defense of this action, including its attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 28, 2009

Respectfully submitted,

SEYFARTH SHAW LLP


By s/ Lorie Almon
    Lorie Almon [lalmon@seyfarth.com]
    Brian Murphy [bmurphy@seyfarth.com]
620 Eighth Avenue, 32nd Floor
New York, New York  10018
(212) 218-5500

*Attorneys for Defendants*
*Wendy's/Arby's Group, Inc., formerly known as, "Triarc Companies, Inc.," Nelson Peltz and Stuart I. Rosen*